UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPOT FASHION INC., | |
| **Plaintiff,** | |
| -against- | **25-cv-10807 (ALC)** |
| BERKSHIRE HATHAWAY DIRECT INSURANCE COMPANY., | **OPINION & ORDER** |
| **Defendant.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Spot Fashion Inc. (hereafter, "Plaintiff") brings this action for breach of contract, declaratory judgment, conversion, and breach of bailment. Defendant Berkshire Hathaway Direct Insurance Company (hereafter, "Defendant") removed the action to this Court. Before the Court now is Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447. For the reasons stated below, the motion to remand is DENIED.

## I.   Factual History

Plaintiff filed this case in the Supreme Court of the State of New York on November 21, 2025, asserting that Defendant had breached its obligations under an insurance policy issued to Plaintiff. ECF No. 1 ("Notice of Removal") ¶¶ 2, 4, 7. On November 26, 2025, Plaintiff served Defendant via the New York Department of Financial Services ("DFS"), Defendant's statutory agent. Notice of Removal ¶ 9; ECF No. 13, at 2. On November 26, 2025, Plaintiff's counsel also transmitted a copy of the filed Summons and Complaint by email to Ms. Roshni K. Patel, Esq., who had previously conducted an examination under oath for Defendant during Defendant's investigation into Plaintiff's insurance claim. ECF No. 11-5, Exhibit "3;" ECF No. 11-2, at 7-8. That same day, Ms. Patel sent the documents by email to Defendant. ECF No. 13-2, Declaration

1

of Beatrice Cherry. Defendant received the service copy of the Summons and Complaint from DFS on December 8, 2025. ECF No. 13-1, Declaration of Jeffrey A. Beer Jr., Esq.

## I.    Procedural History

On December 31, 2025, Defendant filed a Notice of Removal seeking to remove the case to the Southern District of New York pursuant to 28 U.S.C. § 1332(a). Notice of Removal ¶ 11. On January 30, 2026, Plaintiff moved to remand the case back to the Supreme Court of the State of New York on the grounds that Defendant's Notice of Removal was untimely. ECF No. 11-1.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil actions where the amount in controversy "exceeds the sum or value of $75,000" and the matter is between "citizens of different States." 28 U.S.C. § 1332(a). A defendant seeking removal of an action from state court to federal court must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading …" 28 U.S.C. § 1446(b)(1). "In determining the validity of service prior to removal, a federal court must apply the law of the state in which the service was made." *Weiss v. Glemp*, 792 F.Supp. 215, 224 (S.D.N.Y. 1992) (citing *Bomze v. Nardis Sportswear, Inc.*, 165 F.2d 33 (2d Cir. 1948)).

"On a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. United Parcel Serv., Inc.*, 262 F.Supp.2d 163, 171 (S.D.N.Y. 2003) (citation omitted); *see also Abbo-Bradley v.*

*City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) ("Defendants have the burden of establishing that removal is proper.") (internal quotation marks and citation omitted). Additionally, "statutory procedures for removal are to be strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002), and any doubts are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of the states," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

## DISCUSSION

Plaintiff's motion to remand highlights two events which occurred on November 26, 2025: First, Plaintiff served Defendant through DFS, ECF No. 11-4, Exhibit "2," and second, Plaintiff sent a copy of the filed Summons and Complaint by email to Ms. Roshni Patel, ECF No. 11-5, Exhibit "3," who sent the documents by email to Defendant on the same day, ECF No. 13-2, Declaration of Beatrice Cherry. Plaintiff argues that the combination of these two events began the federal removal clock set by Section 1446(b)(1) on November 26, 2025. *See* ECF No. 15, at 6. Defendant argues that the removal clock did not start running until December 8, 2025, when Defendant received the pleadings from DFS. ECF No. 13, at 4.

If the removal clock began running on November 26, 2025, the 30-day removal period would have expired on December 26, 2025, making Defendant's December 31, 2025, filing of the Notice of Removal untimely. If the clock began running on December 8, 2025, Defendant's filing on December 31, 2025, would be timely. The Court finds that because Defendant received the filed and served Summons and Complaint on December 8, 2025, Defendant's filing of the Notice of Removal on December 31, 2025, was within the 30-day removal period and therefore timely.

### I.    The Federal Removal Clock Is Only Triggered By Formal Service

The statute governing removal of civil actions, 28 U.S.C. § 1446, provides as follows: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" 28 U.S.C. § 1446(b)(1). Addressing a historic split in authority on the meaning of "or otherwise," the Supreme Court interpreted Section 1446 to find that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999) (quoting statutory language from 28 U.S.C. § 1446(b)). The interpretation of the *Murphy* Court resulted from the view that the words "or otherwise" were "simply so indefinite as to be meaningless." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (citing *Murphy*, 526 U.S. at 353).

Following *Murphy*, the Second Circuit has held that "the commencement of the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." *Id.* Courts in this district applying *Murphy* and *Whitaker* have similarly identified the trigger for the federal removal clock as a formal notification, through receipt of the filed and served pleading or summons, that a defendant has been brought under a court's authority. *See, e.g., Silverman, Trustee of Estates of National Events Holdings, LLC v. Citibank, N.A.*, 2023 WL 2753055, at *3 (S.D.N.Y. Mar. 31, 2023) ("[T]he mere receipt of [the summons and complaint] by Defendant's counsel, unattended by formal service, does not start the removal period"); *Hudson Private LP v.*

*Creative Wealth Media Finance Corporation*, 629 F.Supp.3d 237, 240 (S.D.N.Y. 2022) ("Critically, as the Supreme Court has held, the deadline for removal must be triggered by formal process, regardless whether the defendant had informal notice of litigation") (internal quotation marks omitted); *Carr v. Marriott Intern., Inc.*, 2012 WL 1075160, at *1 (S.D.N.Y. Mar. 30, 2012) ("'[R]eceipt' under section 1446(b) means that service has been effectuated, and the defendant is formally notified that a lawsuit has in fact been commenced by receiving a copy of the filed and served pleading or summons").

Thus, Plaintiff's argument that the statutory language "through service or otherwise" encompasses receipt events "beyond formal service mechanics," ECF No. 15, at 6, is unavailing. Recognizing that the federal removal clock is "only [] triggered by formal service of process," *Whitaker*, 261 F.3d at 202, the Court considers only those events characterized as formal service of process---namely, Plaintiff's service on DFS, Defendant's statutory agent.

## II. Plaintiff Properly Served Defendant Through The New York Department of Financial Services But Not Through Ms. Roshni Patel

Plaintiff served Defendant through DFS on November 26, 2025. *See* ECF 11-4, Exhibit "2." Defendant then received the Summons and Complaint from DFS on December 8, 2025. ECF No. 13-1, Declaration of Jeffrey A. Beer Jr., Esq. Neither Plaintiff nor Defendant disputes that DFS was a statutory agent authorized to receive service of process for Defendant pursuant to Insurance Law § 1212. *See* ECF No. 15, at 5; ECF No. 13, at 2. Nor does either party dispute the date on which DFS was served or on which Defendant received the pleadings from DFS. *See* ECF 11-2, at 7; ECF No. 13, at 2-3. Accordingly, the Court finds that service on DFS was proper.

On November 26, 2025, Plaintiff also transmitted a copy of the filed Summons and Complaint by email to Ms. Roshni K. Patel, Esq. ECF No. 11-5, Exhibit "3." Defendant had previously retained Ms. Patel to conduct an examination under oath during its investigation into Plaintiff's insurance claim. ECF 11-2, at 7-8. Plaintiff admits that "Plaintiff's email to Ms. Patel did not constitute valid service of process." *See* ECF No. 15, at 5. Thus, the only formal service process for the Court to consider is Plaintiff's service on DFS.

**III.    The Federal Removal Clock Began When Defendant Received The Pleadings From Its Statutory Agent**

When the statutory agent of a defendant receives service of process, "courts generally agree that the 30-day clock for timely removal begins when the defendant (as opposed to its statutory agent) receives the initial pleading." *Pumpkin Investments, LLC v. XL Insurance America, Inc.,* 2024 WL 3238049, at *2 (S.D.N.Y. June 27, 2024) (citing *Gates Const. Corp. v. Koschak*, 792 F.Supp. 334, 336 (S.D.N.Y. 1992)); *see also Cygielman v. Cunard Line Ltd.*, 890 F.Supp. 305, 307 (S.D.N.Y. 1995) ("[T]he time for removal, in cases in which service is made on a statutory agent, runs from receipt of the pleading by the defendant rather than the statutory agent").

Here, Defendant filed its Notice of Removal within 30 days of receiving the pleadings from its statutory agent. On November 26, 2025, Plaintiff served Defendant's statutory agent, DFS. ECF No. 11-4, Exhibit "2." DFS forwarded the Summons and Complaint to Defendant's offices, and Defendant received the filed and served pleadings from DFS on December 8, 2025. ECF No. 13-1, Declaration of Jeffrey A. Beer Jr., Esq. Thus, Defendant's Notice of Removal filed on December 31, 2025, was well within the 30-day removal period.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion is **DENIED.**

**SO ORDERED.**

**Dated:    June 30, 2026**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**

7